IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEDRICK L PUTNEY, SR                                              PLAINTIFF

v.                          Case No. 1:24-cv-01021

TAD HUNTSMAN; FRANK SPAIN;
PROSECUTING ATTORNEY SANDRA BRADSHAW;
JOSEPH MAZZANTI, III; PUBLIC DEFENDER
TIM LEONARD; ALLYSON CARTER;
TERRI RODGERS; and DOES                                            DEFENDANTS

## ORDER

Plaintiff, Stedrick L Putney, Sr., originally submitted this 42 U.S.C. § 1983 action *pro se*, on March 12, 2024, in the Eastern District of Arkansas. (ECF Nos. 1-2). The case was transferred to this Court on March 18, 2024. (ECF No. 4). Plaintiff submitted an incomplete application to proceed *in forma pauperis* ("IFP") with his complaint. (ECF No. 1). The Court ordered Plaintiff to file a completed IFP application. (ECF No. 7). The Court also ordered Plaintiff to amend his complaint on the same day. (ECF No. 8). Plaintiff's amended complaint and completed IFP application were both due on April 12, 2024. (ECF Nos. 7, 8). Plaintiff failed to file either document. Currently before the Court is Plaintiff's failure to comply with Court Orders and prosecute this matter.

On April 16, 2024, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to follow the Court's orders and file a completed IFP application and amended complaint. (ECF No. 9). Plaintiff's response to the Order to Show Cause was due on May 7, 2024. *Id*. The Order to Show Cause was not returned as undeliverable mail, and Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders. Plaintiff never communicated with this Court after his case was transferred here despite multiple Court orders to do so. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge